# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:08-cv-06917-R<br>2:02-cr-01213-R-3 | Date | November 25, 2008 |
|---|---|---|---|
| Title | Sanae Kohiki v. United States of America<br>United States of America v. Sanae Kohiki | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER DENYING MOTION TO DISQUALIFY JUDGE MANUEL L. REAL (In Chambers)

The Court has read and considered the First Amended Motion of Defendant Sanae Kohiki for Judicial Disqualification of Judge Manuel Real, pursuant to 28 USC sections 455(a) and (b)(1).

Defendant seeks to disqualify Judge Real from hearing her Motion to Vacate her Conviction pursuant to 18 U.S.C. section 2255. In support of her Disqualification Motion, defendant attaches her 2255 motion, which contains a recitation of allegations concerning Judge Real. The motion is signed under penalty of perjury by counsel for defendant, who is the declarant in the motion. (It is unclear whether an affidavit signed by counsel is sufficient to support a recusal motion. Other circuits require an affidavit signed by a party, not an attorney. See Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d. 654, 658 (5th Cir. 1985); Roberts v. Bailar, 625 F.2d. 125, 128 (6th Cir. 1980)).

In evaluating a Motion to Recuse a judge "[t]he critical inquiry is whether there is a reasonable question as to whether a judge has a predisposition towards a party that is wrongful or inappropriate." U.S. v. Bell, 79 F.Supp.2d 1169, 1173 (E.D. Cal. 1999); see also Liteky v. U.S., 510 U.S. 540, 552 (1994). Recusal may also be appropriate where a judge's impartiality might reasonably be questioned. 28 U.S.C. section 455(a).

The Court considers only admissible evidence in evaluating a Motion to Recuse, to determine whether a reasonable person would conclude that defendant's 2255 Motion would not be the subject of fair consideration by the challenged judge. Berger v. United States, 255 U.S. 22, 33-34 (1921). Allegations of rumor or gossip do not satisfy the requirement that the affidavit give fair support to charges of bias or prejudice which may impede impartiality of judgment. Id.

Much of the content of counsel's declaration consists of inadmissible evidence in the form of hearsay, opinion, rumor, and general observations of others in the community. Similarly, almost all of the allegations refer to a "pattern of practice" of Judge Real over a period of some 40 years. Such conclusions are insufficient to support a Motion to recuse. The affidavit must contain specific facts,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:08-cv-06917-R<br>2:02-cr-01213-R-3 | Date | November 25, 2008 |
|---|---|---|---|
| Title | Sanae Kohiki v. United States of America<br>United States of America v. Sanae Kohiki | | |

including time, place, persons, and circumstances.  Davis v. Fendler, 650 F.2d. 1154, 1163 (9th Cir. 1981);  Grimes v. United States, 395 F.2d. 331, 333 (9th Cir. 1968);  Vin-Wahad v. Coughlin, 853 F.Supp. 680, 685 (S.D.N.Y. 1994).

With respect to the trial of defendant Kohiki, counsel makes one charge:  That during the trial, after some error had been committed by the judge, the prosecutors photocopied Ninth Circuit cases and "secretly" transmitted them to the judge without notice to the defense.  Such conduct by the prosecutors would be improper.  Whether it was unethical for the judge to receive the cases would depend on whether he knew the communication was ex parte; as to that, there is no evidence.

Recusal is appropriate under 28 U.S.C. sections 144 and 455 where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Yagman v. Republic Ins., 987 F.2d. 622, 626 (9th Cir. 1993); see also United States v. Hernandez, 109 F.3d. 1450, 1453 (9th Cir. 1997).  The few facts recited in this Motion do not support such a conclusion.

The First Amended Request for Disqualification is DENIED.

: N/A

Initials of Preparer   AM